### BRYSON, administratrix, v. THURMOND et al.

1. Where in a suit against two persons a plea in abatement for want of service has been sustained by the court as to one of the defendants, and no steps are subsequently taken to perfect service, such judgment is a final disposition of the case as to that defendant, and any error therein can be corrected only by direct writ of error to this court.
2. Subsequent amendments filed by the plaintiff to the original amendment do not have the effect of reinstating the case as to such defendant.    There was nothing in court to amend by, and there was no error in sustaining the demurrers to such amendments.

Argued January 22, — Decided March 2, 1898.

Equitable petition.    Before Judge Callaway.    Richmond superior court.    April term, 1897.

*Salem Dutcher* and *F. W. Capers*, for plaintiff.
*J. S. & W. T. Davidson* and *J. R. Lamar*, for defendants.

LEWIS, J.    Matilda Fields brought complaint for land against Mary J. Thurmond on the 31st day of March, 1890.    On the 5th day of April, 1890, the defendant was personally served. On April 12, 1890, the plaintiff filed an amendatory and ancillary petition to her original suit, and joined the Mutual Real Estate & Building Association as a party defendant.    An order was granted, allowing the amendment, and directing service upon the defendants.    The association and Mary J. Thurmond filed a joint demurrer to the petition; and also filed separate pleas in abatement, setting up want of service.    Upon motion of defendants, and over objection of plaintiff, who moved that the demurrer be first heard, the court first heard the pleas.    On

January 9, 1894, the court sustained the plea of the association; and to this, and to the action of the court in not hearing the demurrer first, the plaintiff excepted pendente lite. Various amendments were subsequently filed by the plaintiff to the first amendment of her original petition; to each of which the defendants, on various grounds, filed separate demurrers. Upon the final hearing of all these demurrers to said subsequent amendments, the court, on May 31, 1897, sustained the same as to said association and overruled them as to the other defendant. There were several grounds set forth in the demurrers, but, under the view we take of this case, it is not necessary to consider these grounds, or to give in detail the allegations of the pleadings and the several contentions of the parties.

1. It is unnecessary in this case to consider the question as to whether or not an ordinary complaint for land can be amended by converting the same into an equitable proceeding, and joining in such equitable proceeding another party as a codefendant. This amendment was the original proceeding instituted by the plaintiff which sought to make the defendant a party to the pending litigation. A special plea was filed thereto by the association for want of service. This plea being sustained, and no steps being taken, either at that or any subsequent term of the court, to have service perfected upon the defendant, no case was left pending in court against it. Exceptions pendente lite imply that there is a cause still pending in court to which the one against whom the exceptions are filed is a party. It follows, therefore, that if any error was committed on the trial of the special plea in abatement in this case, the only way of correcting the same was by direct bill of exceptions to this court.

2. The rule laid down in the second headnote needs no elaboration. There was no case in court as to this defendant; and hence, so far as it was concerned, there was nothing upon which to predicate any amendment. The basis of plaintiff's action against the defendant in error was the original amendment. When this was undermined there was left no foundation for the superstructure of subsequent amendments. Plaintiff might possibly have saved the falling structure of her case by timely ac-

tion in asking for an order to perfect service, but she elected to stand on the case as made, and to rely upon the position that error was committed in sustaining the special plea in abatement. Such an alleged error can not be reviewed by amending pleadings which the court had decided had not been successful in bringing the defendant into court, and several years thereafter, when these subsequent amendments were finally dismissed upon demurrer, by bringing the whole case up by bill of exceptions, assigning error on the exceptions pendente lite. We therefore hold that the exceptions taken to the decision of the court on the plea in abatement came too late, that said decision was a final disposition of the case as to the defendant, that there was nothing left to amend by, and that the court did not err in sustaining the demurrers.

*Judgment affirmed. All the Justices concurring.*